**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00232-001-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Bob Andy Pritchard, | |
| Defendant. | |

Defendant Bob Andy Pritchard seeks to present the trial testimony of two defense witnesses by live video feed or alternatively through recorded Rule 15(a)(1) depositions. (Doc. 70.) Pritchard asserts his witnesses are unavailable because the first, Debra Hooks, is 71 years old and can't afford to travel, and the second, Bobby McDaniel, is in basic training for the U.S. Navy in Illinois. (Doc. 63 at 2.) Because Pritchard does not meet Rule 15's "exceptional circumstances" or "interest of justice" standards, his request for depositions is denied. But he will be permitted to present the testimony of these defense witnesses via live video-feed if in a renewed motion he can provide: (1) greater specificity establishing their unavailability; and (2) a written description of the procedures he will use to ensure the reliability and trustworthiness of their testimony, jurors' full ability to evaluate their demeanor, and the efficient presentation of the evidence.

**I.    Rule 15(a)(1) Depositions**

Rule 15 authorizes depositions of prospective witnesses to preserve testimony for trial. Fed. R. Crim. P. 15(a). The rule requires the movant—here, Pritchard—to establish

"exceptional circumstances" justifying the deposition and that deposing the witness is in the interest of justice. *Id.*; *United States v. Trumpower*, 546 F. Supp. 2d 849, 853 (E.D. Cal. 2008) (noting it is movant's burden to show need for deposition). Then, to introduce the deposition at trial, Pritchard must also establish the witness is unavailable under Fed. R. Evid. 804.

Pritchard has not shown that "exceptional circumstances" justify taking the witnesses' depositions. Both are located within the United States and subject to the court's subpoena power. *Cf. United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985); *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993) ("Because the witnesses are foreign nationals located outside the United States, they are beyond the subpoena power of the district court[.]"). Although Hooks is elderly, Pritchard acknowledges she is still physically capable of working full-time as a caregiver outside her home. *See United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) (noting a witness's advanced age may qualify as an exceptional circumstance, but only when the witness also "suffer[s] from physical infirmities" preventing attendance at trial). Pritchard also cites financial circumstances for Hooks's unavailability (Doc. 63 at 3), but travel costs and expenses for fact witnesses in cases involving Criminal Justice Act counsel like Pritchard's are "paid by the Department of Justice . . . pursuant to Fed. R. Crim. P. 17 and 28 U.S.C. § 1825." D. Ariz. Crim. Just. Act Billing Guide at 16, *available at* https://az.fd.org/sites/az/files/2024-02/AZ%20CJA%20Billing%20Guide-%20Version%201.0.pdf (last visited Sept. 28, 2024).[1] And Pritchard's passing assertion that McDonald "is in basic training" (Doc. 63 at 3) is insufficient to establish exceptional circumstances without greater detail about why his training schedule would prevent trial testimony in Arizona. *See United States v. Harris,* 842 F. App'x 28, 30 (9th Cir. 2020) *(*suggesting, but not deciding, that military deployment may provide sufficient cause for using VTC technology*)*.

Nor has Prichard shown that the depositions are in the "interest of justice." The

---

[1] Although the court will permit video-link testimony as described below, it would greatly prefer live testimony. Pritchard's CJA counsel should therefore "[c]ontact the United States Marshals Service for payment procedures" and consult additional materials as the guide suggests to enable the witnesses to testify in person if at all possible.

principal consideration under this prong of Rule 15(a)'s test is the "materiality of [the] testimony to the case." *Drogoul*, 1 F.3d at 1552. A witness important to proving or rebutting "a central defense theory at trial" will meet this standard. *Id*. at 1554.

Pritchard is charged with making various false statements in applying for a U.S. passport, including that he was born in Florida (when the government contends he was born in Jamaica). (Doc. 63 at 1.) Pritchard's asserted belief that he was born in Florida seems to be central to his defense. (Doc. 63 at 1–2.) He predicts Hooks will testify that she "always understood" Pritchard was born in Florida and saw paperwork to that effect. (Doc. 63 at 2.) McDaniel, who is Pritchard's son, would testify "he has always understood that his father was born in Florida but spent time in Jamaica as a young child before coming back to the United States." (Doc. 63 at 2.) Pritchard has not yet made clear how much of this testimony will be admissible at trial, let alone its importance to proving "a central defense theory[.]" *See Drogoul*, 1 F.3d at 1552, 1554–55 (noting a district court may deny a request for Rule 15 depositions where it is "abundantly clear that the depositions could not possibly be admitted at trial"); *but see* Fed. R. Evid. 803(19) (testimony regarding "[a] reputation among a person's family by blood . . . or among a person's associates or in the community . . . concerning [a] person's birth" is not excluded by the rule against hearsay) *and* Fed. R. Evid. 804(b)(4) (similar rule for unavailable declarants).[2] Accordingly, he has not met Rule 15's "interest of justice" standard and his request for depositions is denied.

## II.     Real-time Video-Link Testimony

Pritchard alternatively moves to allow the witnesses to testify remotely via a live video-link, an accommodation he "prefer[s]." (Doc. 63 at 3.) Although the court would greatly prefer the witnesses testify live, *see supra* at 1 & 2 n.1, it will allow video-link testimony if Pritchard can make a more specific showing of unavailability and guarantee he has procedures in place to ensure the reliability, trustworthiness, and efficient presentation of the testimony, and jurors' full opportunity to observe their demeanor.

---

[2] Even if the witnesses testify by video-link, defense counsel is warned that the court will enforce the rules of evidence and grant appropriate objections just as it would for live testimony. He must carefully prepare the witnesses for how to behave when objections occur.

"In every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by [the] rules[.]" Fed. R. Crim. P. 26. Underlying the rules "is a preference for live testimony[,]" which "gives the jury . . . the opportunity to observe the demeanor of the witness while testifying." *United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007); *cf. Drogoul*, 1 F.3d at 1552 n.16 (although "modern audio-visual technology" has alleviated many concerns about the jury's ability to perceive a witness's demeanor, "the policy in favor of having a witness personally present persists."). However, in some circumstances video testimony can be "almost as good" as live testimony in allowing the jury to observe witness demeanor, permitting the parties to use information acquired during trial in real-time, and avoiding gamesmanship that can occur when parties know the content of static preserved testimony. *Yida*, 498 F.3d at 959.

Binding precedent has usually examined this question in the context of a defendant's Confrontation Clause rights because it is the government seeking to present witness testimony by video. *See, e.g.*, *Maryland v. Craig*, 497 U.S. 836, 839 (1990) (approving one-way video for child witness testimony because "the Confrontation Clause reflects a *preference* for face-to-face confrontation at trial" but that preference "must occasionally give way to considerations of public policy and the necessities of the case") (simplified); *United States v. Carter*, 907 F.3d 1199, 1206 (9th Cir. 2018) (the conclusion that "remote video procedure[s] must be reserved for rare cases in which it is 'necessary' . . . follows directly from the 'core' of the Confrontation Clause guarantee—providing the accused an 'opportunity to challenge his accuser in a face-to-face encounter in front of the trier of fact.'"). With one exception, every case the parties cited on this point arose in that context. (*See* Doc. 63 at 3 (citing *Keithan*, 751 F.2d at 12; *United States v. Campbell*, 845 F.2d 1374, 1377–78 (6th Cir. 1988); *Sines*, 761 F.2d at 1439), Doc. 70 at 5–6 (citing *Yida*, 498 F.3d at 951; *Craig*, 497 U.S. at 857; *Carter*, 907 F.3d at 1205–206). And the one exception, *United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998) (Doc. 63 at 2), recognized the failure to permit videotaped defense-witness testimony may in certain circumstances deny the Sixth Amendment right to present a defense.

Confrontation Clause concerns are not present here because Pritchard is the party seeking to present the witnesses. In similar situations, other district courts have permitted defense witnesses to testify by video link. *See United States v. Fox*, No. CR16-100-JCC, 2018 WL 1517674, at *2 (W.D. Wash. Mar. 28, 2018) (allowing defense witness to testify via video because "there is no Confrontation Clause concern" with defense-favorable testimony and the prosecution would not be "unduly prejudiced by having to cross-examine . . . over a video-conferencing program"). The Ninth Circuit likewise held there was no Confrontation Clause problem when a defense witness testified by telephone. *United States v. Swisher*, 360 F. App'x 784, 786 (9th Cir. 2009). The court will therefore permit Hooks and McDaniel to testify by video-link if Pritchard can make certain additional showings.

First, due to Rule 26's preference for live testimony, Pritchard must show that using a video-link is "necessary"—*i.e.*, that the witnesses would endure hardship by having to testify in person—rather than merely a matter of "convenience." *See Fox*, 2018 WL 1517674, at *2 (permitting video testimony where defense witness would be forced to endure hardship of transportation away from prison that would cause loss of work-release and correctional programming); *cf. United States v. Rosenau*, 870 F. Supp. 2d 1109, 1113 (W.D. Wash. 2012) (Confrontation Clause requires a showing of necessity for video testimony rather than "convenience"). Pritchard's vague statements that McDaniel is in basic training and Hooks is 71 and doesn't have funds for travel do not meet this standard, particularly when public funds would pay for the witnesses' travel. *See supra* at 2 n.1. If he wishes to present this defense witness testimony by video, Pritchard's renewed motion for video-link testimony must therefore describe in specific detail why these witnesses would face hardship in traveling to trial in Arizona between October 22 and 25.

Second, the court is determined to ensure the reliability and trustworthiness of this witness testimony and its efficient presentation at trial. *See United States v. Moalin*, 973 F.3d 977, 1005 (9th Cir. 2020) (district court did not abuse its discretion in denying videotaped defense-witness deposition when "defendants could not show that there would

be procedures in place to ensure the reliability and trustworthiness of [the witness's] testimony"). Pritchard must therefore also put into place measures to ensure the reliability and trustworthiness of Hooks's and McDaniels's testimony. For example, Pritchard's renewed motion must address the locations from which the witnesses will testify, the stability of their internet connections, provisions for cameras that will reflect the witnesses' demeanor in a manner akin to live testimony, the witnesses' ability to see counsel and the courtroom in Arizona, and measures taken to ensure "the witness is not being coached or influenced during testimony, and that the witness is not improperly referring to documents." *See Carter*, 907 F.3d at 1207 (quoting *United States v. Hamilton*, 107 F.3d 499, 503 (7th Cir. 1997)). Pritchard's renewed request will be granted only if he can meet these conditions.

Accordingly,

**IT IS ORDERED** denying Pritchard's motion to take the depositions of two defense witnesses (Doc. 63).

**IT IS FURTHER ORDERED** denying without prejudice to renewal Pritchard's motion to permit witnesses to testify over a video connection (Doc. 63). If he still wishes to present video-link testimony, Pritchard must renew his motion on or before **October 11, 2024**. Any renewed motion must describe in specific detail (1) why Hooks and McDaniel would face hardship in traveling to trial in Arizona between October 22 and 25; and (2) the measures he has taken to ensure the reliability, trustworthiness, and efficient presentation of Hooks's and McDaniels's testimony. The government may respond on or before **October 17, 2024**. No reply is permitted.

Dated this 30th day of September, 2024.

Honorable Krissa M. Lanham
United States District Judge