**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00232-001-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Bob Andy Pritchard, | |
| Defendant. | |

The government seeks to admit without live custodian testimony certain certified records of regularly-conducted activity of state, federal and foreign governments for trial. (Doc. 86 at 1.) Although Pritchard stipulated to the admission of some exhibits, he would not agree to the admission of proposed Exhibits 1–3, 8–10, 12, 15–17, and 19–34 without foundation testimony by records custodians. (Doc. 86.) The court provisionally admits Exhibits 1–3, 8, 12, 15–17, 19–21, and 23–34.

Federal Rule of Evidence 803(8) permits the admission of "a record or statement of a public office" in a criminal case if it (1) sets out the office's activities; (2) is a matter observed while under a legal duty to report, excluding matters observed by law-enforcement personnel; and (3) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8). Once the offering party satisfies its initial showing, the opposing party "then bears the burden of showing that the record is untrustworthy."[1] *United States v. Fryberg*,

---

[1] Defense counsel's argument at the final pretrial hearing emphasized relevance and hearsay rather than trustworthiness for all except two documents: Exhibits 2 and 3,

854 F.3d 1126, 1134 (9th Cir. 2017).

Exhibits that satisfy Rule 803(8) must still be authenticated before admission at trial. *United States v. Alvirez*, 831 F.3d 1115, 1123 (9th Cir. 2016). Authentication can be accomplished through the testimony of a live witness "who has sufficient familiarity with the proffered evidence to identify the evidence and inform the court of the circumstances under which the evidence was created." *Id*. Exhibits that meet the requirements of Fed. R. Evid. 902 may alternatively be admitted as self-authenticating without live testimony, that is, with "no extrinsic evidence of genuineness." *Id*. The government argues Fed. R. Evid. 902(1), (2) and (4) apply to self-authenticate various contested documents here. (Doc. 86.)

Having examined the documents and certifications and heard argument from the parties, the court will provisionally admit all but Exhibits 9–10 and 22 as self-authenticating public records. *See United States v. Weiland*, 420 F.3d 1062, 1074 (9th Cir. 2005) (noting district court may admit "public records of routine and nonadversarial matters"); *United States v. Duarte*, 618 F. App'x 894, 896 (9th Cir. 2015) (upholding admission of foreign birth certificates that are certified by Apostille and Form I-181); *United States v. Cuesta*, 1:06-CR-40 AWI, 2007 WL 2729853, at *15–16 (E.D. Cal. Sept. 19, 2007), *aff'd*, 286 F. App'x 358 (9th Cir. 2008) (admitting drivers' license). However, because the court has only examined the exhibits under Rules 803(3) and 902, Pritchard may object to the admission of these exhibits on any other grounds.

The government should note that some of these self-authenticated public documents appear to contain additional layers of hearsay that may not be admissible. *See United States v. Marguet-Pillado*, 560 F.3d 1078, 1086 (9th Cir. 2009) (finding the statements of an individual with "no governmental duties whatsoever" within a public

---

Jamaican birth certificates. These birth certificates, doubly certified by officials of the State Department and Jamaica, will be admitted provided the government can show they are relevant. *See United States v. Duarte*, 618 F. App'x 894, 896 (9th Cir. 2015). Pritchard's argument that the custodian's signature looks different in two places does not show other officials' certifications are untrustworthy under the applicable test, *see Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 778 (9th Cir. 2010), and goes to the weight rather than the admissibility of the evidence.

record constituted "at least one more layer of hearsay" requiring an additional hearsay exception). As non-exclusive examples, Exhibits 26, 28, and 30 contain the statements of Ibrahim Abu Baker Kuyateh, an individual who appears to have "no governmental duties whatsoever" and whose statements would therefore require an additional hearsay exception to be admissible. *Id*. The government also has not yet made the relevance of many of these documents clear and they therefore may not ultimately be admitted. In other words, the court has only examined these documents under the public records and self-authentication rules and will carefully consider all additional arguments bearing on their admissibility before making a final determination at trial.

As to the remaining documents, Exhibits 9–10 and 22 appear to be public records under Rule 803(8) but are not self-authenticating under Rule 902. Exhibits 9 and 10 are materials from the Arizona Department of Transportation related to Pritchard's drivers' license. Their certification pages bear the seal of the State of Arizona, which would satisfy Rule 902(1)(A). But to fully satisfy 902(1)'s self-authentication rule, those documents must also bear a "signature purporting to be an execution or attestation," which Division Director Jorgensen's signature does not. Alternatively, Division Director Jorgensen's signature could satisfy Rule 902(2)(A)'s signature requirement, but his certification references a "signature on the accompanying document(s) . . . of the Custodian of Records." (*See* Exhibits 9A, 10A.) No such custodian's signature appears on the accompanying documents so Rule 902(2)(B) is not satisfied. And without a custodian's certification or a certificate "that complies with Rule 902(1) [or] (2)," Rule 904 also does not apply to make the records self-authenticating. As for Exhibit 22A, the court's copy only contains a "formal request for certification of records" and not the certification itself.

///
///
///
///

Accordingly,

**IT IS ORDERED** the Motion to Admit (Doc. 86) is **GRANTED IN PART** and **DENIED IN PART**.

Dated this 19th day of October, 2024.

Honorable Krissa M. Lanham
United States District Judge